IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-87-FL

BRYAN O'NEAL BENSON, )
)
    Plaintiff, )
)
v. ) **MEMORANDUM AND**
) **RECOMMENDATION**
PLAZA ASSOCIATES, INC., J. COOPER )
(Crabtree Police Officer), MONK (Security )
Officer), and JOHN DOE (Security Officer), )
)
    Defendants. )

This pro se case is before the court for resolution of plaintiff's motion to proceed *in forma pauperis* (DE #1), including a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The motion was referred to the undersigned Magistrate Judge for review and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that plaintiff's motion to proceed *in forma pauperis* be granted and that he be allowed to proceed on his 42 U.S.C. § 1983 ("§ 1983") claims, but that his claim of intentional infliction of emotional distress be dismissed.

## I. BACKGROUND

Plaintiff has filed this suit pursuant to the court's federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction under 28 U.S.C. § 1367. (Compl. (DE #1-2), p. 2). The defendants are identified as Plaza Associates, Inc. ("Plaza"), apparently as the owner or operator of Crabtree Valley Mall ("Mall") in Raleigh, North Carolina; J. Cooper ("Cooper"), "a Crabtree police officer;" Monk, a Mall security officer; and John Doe, another Mall security officer. (*Id.*, p. 1). Plaintiff alleges violations of § 1983 for false imprisonment and an unlawful search and seizure in violation of the Fourth Amendment as well as the state law claim of intentional infliction

of emotional distress. *(Id.,* pp. 4-6). He seeks compensatory and punitive damages in excess of $75,000. *(Id.,* p. 6).

The claims allegedly arose from an incident at the Mall on 15 June 2006. *(Id.,* p. 2). While standing on the parking deck of the Mall, plaintiff alleges that he was approached by Cooper. *(Id.).* Cooper told plaintiff not to loiter on the parking deck. *(Id.).* Plaintiff subsequently went inside the Mall and sat down in a chair. *(Id.).* While inside, plaintiff was once again approached by Cooper and two other security officers. *(Id.).* One of the officers was referred to as "Monk" by another officer. Cooper instructed plaintiff to leave the Mall. *(Id.).* The two security officers, Monk and John Doe, then purportedly "tackled [plaintiff] from behind" as he was attempting to leave the Mall. *(Id.).* Plaintiff also alleges that the officers searched his person and seized certain unspecified property of his. *(Id.* pp. 3, 4-5).

## II. DISCUSSION

### A. Standard of Review

The court must dismiss a case brought *in forma pauperis* if the court determines that the action is (1) frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Denton v. Hernandez,* 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because it seems unlikely to have occurred. *Denton,* 504 U.S. at 33.

Although a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required

2

to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

In evaluating whether a case fails to state a claim upon which relief may be granted, a court may appropriately look to cases decided under Fed. R. Civ. P. 12(b)(6) for guidance. *See De'lonta v. Angelone,* 330 F.3d 630, 633 (4th Cir. 2003) (review standard for dismissals under Rule 12(b)(6) applies to dismissals for failure to state claim under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Lugo v. INS,* 950 F. Supp. 743, 745 (E.D. Va. 1997) (failure to state claim provision in 28 U.S.C. § 1915A(b)(1) "appropriated" Rule 12(b)(6) standard); *see also Neitzke*, 490 U.S. at 325-31 (distinguishing frivolousness standard under predecessor to 28 U.S.C. § 1915(e)(2)(B)(i) and Rule 12(b)(6) standard). A complaint should be dismissed for failure to state a claim only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (applying Rule 12(b)(6)). In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged complaint and view those allegations in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *see also Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir. 2005), *cert. denied*, 126 S. Ct. 647 (2005) (court must accept as true all factual allegations of the complaint). All

3

reasonable factual inferences from the allegations must be drawn in plaintiff's favor. *Edwards*, 178 F.3d at 244. Civil rights complaints, particularly those filed by pro se plaintiffs, are entitled to even greater latitude. *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (when a dismissal involves a civil rights complaint, "'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.'" (quoting *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988)).

## B. Plaintiff's Alleged Causes of Action

As indicated above, plaintiff alleges that Mall police and security officers violated his civil rights under § 1983 by falsely imprisoning him and unlawfully subjecting him to a search and seizure. Plaintiff also asserts the state law claim of intentional infliction of emotional distress. Each of plaintiff's potential claims is examined in turn below applying the standards previously discussed.

### 1. Claim under § 1983

To establish a violation of § 1983, a plaintiff must show, first, that he was deprived of a right guaranteed to him by the United States Constitution or federal law and, second, that defendants acted under color of state law. 42 U.S.C. § 1983; *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Review of plaintiff's complaint shows that, for purposes of the frivolity review, it satisfies both elements against all defendants. With respect to the first element, plaintiff's allegations adequately state a claim for violation of his Fourth Amendment rights. *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001). The second element is satisfied at this early stage by plaintiff's allegations regarding Cooper as a Mall police officer, *Rodriguez v. Smithfield Packing Co.*, 338 F.3d 348, 355 (4th Cir. 2003), the involvement of the security guards with Cooper, *United States v. Price*,

4

383 U.S. 787, 794 (1966), and the practices of Plaza, *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). The court cannot conclude at this point that qualified immunity bars these claims. *See generally Harlow v. Fitzgerald*, 457 U.S. 800, 813-20 (1982).

## 2. Claim for Intentional Infliction of Emotional Distress

Although plaintiff's failure to establish a valid federal claim precludes the court from asserting supplemental subject matter jurisdiction over plaintiff's state law claim of intentional infliction of emotional distress pursuant to 28 U.S.C. § 1367, the court also finds that this claim is frivolous. To establish a prima facie case for intentional infliction of emotional distress, plaintiff must show that (1) defendant engaged in extreme and outrageous conduct (2) which was intended to cause plaintiff severe emotional distress and (3) which did in fact cause plaintiff severe emotional distress. *Waddle v. Sparks*, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992); N.C. Pattern Jury Inst.–Civil § 800.60. The standard for extreme and outrageous conduct under North Carolina law is quite high, existing only "when a defendant's conduct exceeds all bounds usually tolerated by decent society." *Stanback v. Stanback*, 297 N.C. 181, 196, 254 S.E.2d 611, 622 (1979) (quoting William Prosser, *The Law of Torts*, § 12, p. 56 (4th ed. 1971)).

The activities by defendants alleged in the complaint do not rise to the level of extreme and outrageous conduct. The facts alleged are that the mall security officers tackled plaintiff from behind while attempting to detain him or force him to leave the mall. (Compl., p. 2). While this alleged conduct might have been inappropriate, it falls far short of being extreme or outrageous.

Furthermore, plaintiff has not pled sufficient facts to show that, as the claim requires, he suffered from a "type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by a professional trained to do so." *Waddle*, 331 N.C. at 83, 414 S.E.2d

5

at 27. Instead, plaintiff states that following the alleged incident he "developed an extreme fear of and or dislike for mall police officers as well as security officers in general." (Compl., p. 3). Plaintiff's claim for intentional infliction of emotional distress should accordingly be dismissed as frivolous.

## III. ADMONITION TO PLAINTIFF REGARDING BASELESS ACTIONS

The court is permitted to consider a plaintiff's lawsuit filing history when making its determination under 28 U.S.C. § 1915(e). *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) ("A plaintiff's past litigious conduct should inform a district court's discretion under § 1915[e]."). Accordingly, the court notes that plaintiff has filed twenty-six civil actions in this district, sixteen under 42 U.S.C. § 2000e, *et seq.* ("Title VII") and ten under § 1983.[1] Additionally, plaintiff has filed

---

[1] **Title VII Cases:** *Benson v. Staff Mark, Inc.*, No. 5:03-CV-514-BR (Rule 12(b)(6) dismissal); *Benson v. Granville County Schools*, No. 5:03-CV-515-BR (Rule 12(b)(6) dismissal); *Benson v. Telnet Marketing Group*, No. 5:03-CV-516-BR (Rule 12(b)(6) dismissal and award of fees to defendant); *Benson v. Manpower Svc., Inc.*, No. 5:03-CV-517-BR (summary judgment for defendant and Rule 11 sanctions against plaintiff); *Benson v. Office Max Corp.*, No. 5:03-CV-527-BR (summary judgment and award of fees to defendant); *Benson v. Yellow Freight Corp.*, No. 5:03-CV-526-BR (Summary judgment and award of fees to defendant); *Benson v. Kerr Drug Store, Inc.*, No. 5:03-CV-528-BR (dismissed for failure to effect service of complaint on defendant); *Benson v. Warren County Schools*, No. 5:03-CV-529-BR (Rule 12(b)(6) dismissal); *Benson v. Franklin County Board of Education*, No. 5:03-CV-530-BO (Rule 12(b)(6) dismissal); *Benson v. Vance County Board of Education*, No. 5:03-CV-531-BR (Rule 12(b)(6) dismissal); *Benson v. Alpha Omega Health*, No. 5:03-CV-609-BR (summary judgment for defendant); *Benson v. United Energy Inc.*, No. 5:03-CV-907-BR (Rule 12(b)(6) dismissal); *Benson v. North Carolina Dept. of Corrections*, No. 5:03-CV-825-BR (voluntary dismissal); *Benson v. Kinde-Care Learning Centers*, No. 5:03-MC-40-F (IFP denied, closed for failure to pay filing fee); *Benson v. Crown Stores*, No. 5:04-MC-3-BR (motion for leave to file complaint denied due to outstanding sanctions/pre-filing injunction); *Benson v. Dollar General Corp.*, No. 5:04-MC-7-BR (motion for leave to file complaint denied due to outstanding sanctions/pre-filing injunction).

§ **1983 Cases:** *Benson v. City of Durham's Police Dept.*, No. 5:03-CV-588-BR (transfered to M.D.N.C. (No. 1:03CV1214); 28 U.S.C. § 1915 dismissal for frivolousness); *Benson v. Vance County Sheriff's Dept.*, No. 5:03-CV-589-BR (Rule 12(b)(6) dismissal); *Benson v. County of Wake*, No. 5:03-CV-826-BR (Rule 12(b)(6) dismissal); *Benson v. Wake County Sheriff*, No. 5:04-CV-101-BR (voluntary dismissal after summary judgment motion filed by defendants); *Benson v. City of Henderson*, No. 5:04-CV-102-BR (Rule 12(b)(6) dismissal); *Benson v. Vance County Sheriff*, No. 5:04-CV-103-BR (28 U.S.C. § 1915 dismissal for failure to state a claim); *Benson v. Pleasants*, No. 5:06-CV-58-F (partial summary judgment for defendants and dismissal of remaining claims for failure to prosecute); *Benson v. Earp*, No. 5:06-CV-186-F (IFP denied after failure to particularize; voluntary dismissal); *Benson v. Yu*, No., 5:06-CV-364-BR (Rule 12(b)(6) motion pending); *Benson v. Plaza Associates, Inc.*, No. 5:07-CV-87-FL (instant case; supplemental state claim recommended for dismissal under 28 U.S.C. § 1915).

6

four cases in state court which were removed to this court.[2] All but two[3] of this total of thirty cases have been dismissed or terminated in favor of the various defendants.

There is presently a standing order in place in this district which restricts plaintiff from filing Title VII actions against any defendant without first obtaining permission from the court. *Benson v. Yellow Freight Corp.*, No. 5:03-CV-526-BR (DE #19, pp. 6-7, 9 Feb. 2004.). The injunction is effective until plaintiff pays the sanctions imposed on him by the court in that order. *Id.*, p. 7. The sanctions were ordered because of plaintiff's history of filing spurious Title VII cases in this district. *Id.*, p. 5.

Plaintiff was also admonished by this court in three previous § 1983 actions, all ultimately dismissed, to carefully consider the validity of his claims prior to filing any lawsuit. *See Benson v. Wake County Sheriff*, No. 5:04-CV-101-BR (DE #2, 9 Mar. 2004) (voluntary dismissal after summary judgment motion filed by defendants); *Benson v. City of Henderson*, No. 5:04-CV-102-BR (DE #2, 9 Mar. 2004) (Rule 12(b)(6) dismissal); *Benson v. Vance County Sheriff*, No. 5:04-CR-103-BR (DE #2, 9 Mar. 2004) (28 U.S.C. § 1915 dismissal for failure to state a claim). Since those admonitions, plaintiff has filed four additional § 1983 actions, including the current action. Two of

---

[2] **Title VII Cases:** *Benson v. United States of America*, No. 5:04-CV-194-BR (removed; Rule 12(b)(6) dismissal); *Benson v. Greenwood Group, Inc.*, No. 5:04-CV-721-BR (removed; voluntary dismissal); *Benson v. Enterprises Leasing Co., Southeast*, No. 5:04-CV-803-BR (removed; Rule 12(b)(6) dismissal and award of fees to defendant).

**§ 1983 Case:** *Benson v. Vance County Sheriff*, No. 5:05-CV-506-BR (removed; Rule 12(b)(6) dismissal and summary judgment for remaining defendants)

[3] **§ 1983 Cases:** *Benson v. Yu*, No. 5:06-CV-364-BR (Rule 12(b)(6) motion pending); *Benson v. Plaza Associates, Inc.*, No. 5:07-CV-87-FL (instant case; supplemental state claim recommended for dismissal under 28 U.S.C. § 1915).

7

these cases have been dismissed, partial dismissal has been recommended in the instant case, and a dismissal motion is pending in the fourth.[4]

Once again, plaintiff is cautioned to carefully evaluate his claims prior to filing any lawsuit in this court, including but not limited to § 1983 actions. Failure to heed this admonition may result in further action by this court against plaintiff, including, but not limited to, sanctions or additional pre-filing injunctions.

## IV. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that plaintiff's motion to proceed *in forma pauperis* be GRANTED. It is further RECOMMENDED that plaintiff be permitted to proceed with his § 1983 claim, but that his claim of intentional infliction of emotional distress be DISMISSED as frivolous.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties or, if they are represented, to their counsel, who have ten business days to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 4th day of June, 2007.

James E. Gates
United States Magistrate Judge

---

[4] *Benson v. Pleasants*, No. 5:06-CV-58-F (partial summary judgment for defendants and dismissal of remaining claims for failure to prosecute); *Benson v. Earp*, No. 5:06-CV-186-F (IFP denied after failure to particularize; voluntary dismissal); *Benson v. Yu*, No., 5:06-CV-364-BR (Rule 12(b)(6) motion pending); *Benson v. Plaza Associates, Inc.*, No. 5:07-CV-87-FL (instant case; supplemental state claim recommended for dismissal under 28 U.S.C. § 1915).

8