IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CV-87-FL

| BRYAN O'NEAL BENSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| PLAZA ASSOCIATES, INC., J. COOPER (Crabtree Police Officer), MONK (Security Officer), and JOHN DOE (Security Officer), | ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court on plaintiff's motion to proceed *in forma pauperis* (DE # 1), including a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge James E. Gates entered a memorandum recommending the court grant plaintiff's motion to proceed *in forma pauperis*, allow plaintiff's claim pursuant to 42 U.S.C. § 1983 to go forward, and dismiss as frivolous plaintiff's claim for intentional infliction of emotional distress. Plaintiff timely filed an objection (DE # 3) to the Memorandum and Recommendation ("M&R"), and the issues raised are ripe for adjudication. For the reasons states below, the court overrules plaintiff's objection, and adopts the M&R as its own.

STATEMENT OF THE CASE

Plaintiff filed this suit alleging violations of § 1983 for false imprisonment and unlawful search and seizure in violation of the Fourth Amendment, and a state law claim of intentional infliction of emotional distress. Plaintiff's allegations arise from an incident on June 15, 2006 at the Crabtree Valley Mall, involving defendant security officers Cooper, Monk and John Doe. Magistrate Judge Gates' M&R granted plaintiff's motion to proceed *in forma pauperis* and found that for the

purposes of frivolity review, plaintiff's complaint satisfied the necessary elements to establish a violation of § 1983. The M&R also found that the allegations of plaintiff's complaint fell short of establishing facts necessary to support a claim for intentional infliction of emotional distress. Plaintiff filed a "Basic Objection & Argument to Memorandum and Recommendation," objecting only to the recommendation to dismiss the claim of intentional infliction of emotional distress.

## STANDARD OF REVIEW

In addressing plaintiff's objections to the M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

## DISCUSSION

Plaintiff's sole objection relates to the recommendation to dismiss plaintiff's state law claim of intentional infliction of emotional distress. The extent of plaintiff's objection is the single sentence "[t]he Magistrate Judge doesn't have any proof that my intentional infliction of severe emotional distress claims are frivolous." (DE # 3, p. 1). As the M&R correctly noted, "[t]o establish a prima facie case for intentional infliction of emotional distress, plaintiff must show that (1) defendant engaged in extreme and outrageous conduct (2) which was intended to cause plaintiff severe emotional distress and (3) which did in fact cause plaintiff sever emotional distress." (DE # 2, p. 5) (citing Waddle v. Sparks, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992)). The complaint filed by plaintiff did not allege any facts which would support the elements of a such a claim, and Magistrate Judge Gates properly recommended dismissal. Plaintiff's objection fails to assert any legal error,

2

nor does plaintiff proffer further evidence which could support a claim of intentional infliction of emotional distress. Accordingly, without more, plaintiff's objection must be overruled.

## ADMONITION TO PLAINTIFF

The M&R notes plaintiff's extensive litigation history in this court, including thirty (30) cases, all but two of which have been dismissed or terminated in favor of the various defendants. The M&R also notes prior admonitions of this court, including a prefiling injunction which requires plaintiff to obtain permission of the court before filing Title VII actions against any defendant.

Mr. Benson is warned that this court is considering monetary sanctions or the entry of a prefiling injunction to enjoin his access to this court due to repeatedly filing baseless actions. See Brock v. Angelone, 105 F.3d 952, 954 (4th Cir. 1997) (approving use of prefiling injunctions for parties who have a history of filing frivolous actions); Fed. R. Civ. P. 11. Mr. Benson is advised to seek the advice of a licensed attorney before filing any other actions. This court will not allow Mr. Benson to waste valuable judicial resources with frivolous litigation.

## CONCLUSION

For the foregoing reasons, the court OVERRULES plaintiff's objection (DE # 3) to the M&R. The court ADOPTS the M&R (DE # 2) as its own; GRANTS plaintiff's motion to proceed *in forma pauperis* (DE # 1); ALLOWS plaintiff's claim pursuant to 42 U.S.C. § 1983 to proceed; and DISMISSES plaintiff's claim for intentional infliction of emotional distress.

SO ORDERED, this the 6 day of July, 2007.

LOUISE W. FLANAGAN
Chief United States District Judge

3